UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SILPA ABRAHAM, on behalf of N.S.A., a minor child, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 23-CV-2203 |
| ASHOK ZACHARIAH SAMUEL, | ) ) | |
| Respondent. | ) ) | |

**ORDER**

Petitioner, Silpa Abraham, has filed a Petition (#1) pursuant to the International

Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 et seq., a statutory scheme

that implements the Hague Convention on the Civil Aspects of International Child

Abduction ("the Convention"), T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 (Oct. 25, 1980).

Petitioner seeks to compel Respondent, Ashok Zachariah Samuel, to return their child,

N.S.A., to the minor's alleged habitual residence in Japan. The matter is currently set for

an evidentiary hearing commencing on July 3, 2024.

Presently before the court is Respondent's Motion to Dismiss for Forum Non

Conveniens (#7), filed on October 23, 2023. Petitioner filed a Response (#9) on October

26, 2023. For the reasons set forth below, Respondent's Motion (#7) is DENIED.

## BACKGROUND

Petitioner is a citizen of India currently living in Tokyo, Japan, pursuant to a work visa. Respondent is a citizen of India currently living in Champaign, Illinois, also pursuant to a work visa. N.S.A., the minor child of Petitioner and Respondent, was born in India and is currently eight years old.

Petitioner and Respondent were married in India in 2015. Respondent moved to Japan in 2017, and in April 2018 Petitioner and N.S.A. joined him there. Petitioner has alleged that Respondent unlawfully removed N.S.A. from Japan in August 2023. It is undisputed that N.S.A. has resided with Respondent in Champaign since that time.

This court is located in Urbana, Illinois, which is within Champaign County. The Circuit Court of the Sixth Judicial Circuit Champaign County in located directly across the street from this court.

## ANALYSIS

Respondent moves for dismissal of this case based on forum non conveniens. "The common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve the convenience of the parties and the ends of justice." *Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009); see also *Interpane Coatings, Inc. v. Australia & New Zealand Banking Grp. Ltd.*, 732 F. Supp. 909, 914 (N.D. Ill. 1990) ("Forum non conveniens is a common law doctrine of ancient lineage under which a court with otherwise proper jurisdiction and venue can, in its discretion, decline jurisdiction out of deference to a more convenient forum.").

2

"A federal court has discretion to dismiss a case on the ground of *forum non*

*conveniens* when an alternative forum has jurisdiction to hear the case, and trial in the

chosen forum would establish oppressiveness and vexation to a defendant out of all

proportion to plaintiff's convenience, or the chosen forum is inappropriate because of

considerations affecting the court's own administrative and legal problems." *Sinochem*

*Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (cleaned up). Dismissal

for forum non conveniens thus reflects a court's assessment of a "range of

considerations, most notably the convenience to the parties and the practical difficulties

that can attend the adjudication of a dispute in a certain locality." *Quackenbush v.*

*Allstate Ins. Co.*, 517 U.S. 706, 723 (1996) (citations omitted).

Respondent contends that the Champaign County Circuit Court is a more

appropriate forum for the instant litigation because that court is better equipped to

handle many aspects of this case, given its greater experience working with children

and families.

Petitioner does not engage with the substance of that argument. Rather, she

maintains that pursuant to the jurisdictional dictates of ICARA, the choice of court is

hers and hers alone. She characterizes Respondent's Motion as "baseless, not applicable,

and . . . contrary to ICARA, specifically §9003(a) and (b), the principles of the Hague

Convention[,] and relevant case law."

Section 9003(a) of ICARA, entitled "Jurisdiction of the courts," provides that

"[t]he courts of the States and the United States district courts shall have concurrent

original jurisdiction of actions arising under the Convention." 22 U.S.C. § 9003(a).

Section 9003(b), in turn, provides:

> Any person seeking to initiate judicial proceedings under the Convention for the return of a child or for arrangements for organizing or securing the effective exercise of rights of access to a child may do so by commencing a civil action by filing a petition for the relief sought in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction in the place where the child is located at the time the petition is filed.

22 U.S.C. § 9003(b).

It is undisputed that N.S.A. is presently located in Champaign, Illinois, which is

within the Central District of Illinois, and was so at the time the Petition was filed.

Accordingly, both this court and the Champaign County Circuit Court would have

jurisdiction over this matter.

But, contrary to Petitioner's position, nothing in § 9003 holds or implies that the

remedy of forum non conveniens is categorically inapplicable in ICARA proceedings.

Indeed, the idea that more than one court would have potential jurisdiction over a

matter is a fundamental necessity of forum non conveniens, wherein one court with

jurisdiction dismisses the action so it can be brought in a different court having

jurisdiction. Moreover, while Petitioner argues that *she* is entitled to choose between

state and federal court, the jurisdictional provisions of ICARA do not bestow upon her

that choice to any greater extent than that granted to *every* plaintiff in their initial choice

of court, by virtue of being the party instituting the action.

4

To be sure, Respondent has not cited a single example of an ICARA case that was dismissed on grounds of forum non conveniens. And the court is unable to locate any such example. Even in general, a forum non conveniens dismissal from federal court based on an adequate alternative forum in a state court is apparently a rarity in the extreme. See *Sinochem*, 549 U.S. at 430 ("The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad, and *perhaps in rare instances* where a state or territorial court serves litigational convenience best." (cleaned up, emphasis added)). Nevertheless, because there is no affirmative indication that forum non conveniens is per se prohibited in this context, the court will address the merits of Respondent's argument.

"A threshold requirement for any forum non conveniens dismissal is the existence of an alternative forum that is both 'available' and 'adequate.'" *Stroitelstvo*, 589 F.3d at 421 (quoting *Kamel v. Hill–Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997)). There can be no question here that the Champaign County Circuit Court meets both of these requirements. As already explained, that court would have jurisdiction over the matter. And the ordinary concerns for adequacy attendant where a foreign court is the possible alternative are not in play here. See *Deb v. SIRVA, Inc.*, 832 F.3d 800, 807 (7th Cir. 2016) ("An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly.").

The initial threshold having been satisfied, the court must next balance a number of interest factors, both public and private, relating to the proper location for the litigation. The private interest factors include: "the relative ease of access to sources of

proof; availability of compulsory process for attendance of unwilling, and the cost of

obtaining attendance of willing[] witnesses; possibility of view of premises, if view

would be appropriate to the action; and all other practical problems that make trial of a

case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508

(1947).

The public interest factors include: "the administrative difficulties stemming

from court congestion; the local interest in having localized disputes decided at home;

the interest in having the trial of a diversity case in a forum that is at home with the law

that must govern the action; the avoidance of unnecessary problems in conflicts of laws

or in the application of foreign law; and the unfairness of burdening citizens in an

unrelated forum with jury duty." *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008).

Finally, there is ordinarily "a strong presumption in favor of a plaintiff's choice

of forum." *In re Air Crash Near Athens, Greece on Aug. 14, 2005*, 479 F. Supp. 2d 792, 798

(N.D. Ill. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).[1]

A district court is accorded great latitude in weighing the factors, and as long as

it properly considers the factors, its determination is entitled to great deference. *Clerides*,

534 F.3d at 628. A dismissal for forum non conveniens is an exceptional remedy, which

---

[1] As an exception to that general rule, "a foreign plaintiff's choice to bring suit in the United States is entitled to less deference because trial of a foreign plaintiff's claims in the United States is likely to be less convenient." *In re Air Crash Near Athens, Greece on August 14, 2005*, 479 F. Supp. 2d 792, 798 (N.D. Ill. 2007) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. at 256)). While Petitioner lives in Japan, the court finds that this exception is inapplicable here, as Petitioner could not file her ICARA petition in that country. Her choice of forum must be given the usual strong deference.

must be sparingly invoked. *Deb*, 832 F.3d at 805. "A defendant invoking it ordinarily

bears a heavy burden in opposing the plaintiff's chosen forum," and a plaintiff's burden

in opposing such a motion is correspondingly low. *Id*. at 806; see also *Sinochem*, 549 U.S.

at 430 ("A defendant invoking forum non conveniens ordinarily bears a heavy burden

in opposing the plaintiff's chosen forum."); *Quackenbush*, 517 U.S. at 722 ("[A]pplication

of this doctrine should be 'rare.'").

Turning to the factors, it is clear that many of them, both private and public, are

inapplicable in this case. Given that the proposed alternative court lies no more than 100

yards to the north of this court, the geographic factors—ease of access to source of

proof, cost of attendance, ability to view the premises, and general expense of

litigation—are of no concern. Likewise, there is no difference between the two forums

with respect to the availability of compulsory process, and public interest factors such

as being "at home" with the governing law, conflict of law issues, or the burden of jury

duty are also inapplicable. As for expeditiousness and court congestion, the court could

speculate that those concerns may favor the instant forum over a typically congested

state court docket. In any event, the concern for expeditiousness certainly favors this

court considering that the matter is set for an evidentiary hearing here in two weeks.

Petitioner's arguments invoke an amalgam of private and public interest

concerns, all generally bearing on the ease or efficiency with which this case might be

administered in this court versus state court.  Specifically, and in full, Respondent

contends that the state family court:

7

a. possesses particular expertise hearing family cases involving multinational parties, attendant to the international community of the University of Illinois at Urbana-Champaign proximate to its location;

b. commonly conducts in-camera interviews with children of various ages to determine child preferences. Although preference *for parent* is a custody determination not relevant to, nor a permissible determination made by either court under the Convention, the Sixth Circuity [sic] Family Court is well versed, experienced at, possesses the requisite expertise and psychological training, and is therefore the most qualified to decide if, pursuant to Article 13 of the Hague Convention, the age and maturity of seven-year old N.S.A. is sufficient to take into account his views and objections to being returned to the alleged country of habitual residence.

c. is accustomed to appointing a guardian ad litem, psychologist, child welfare officer, or child attorney to assess the child's wishes or advocate independently for children to assist the court in determining; (1) if the age and maturity of the child is sufficient to take into account his views pertaining to return and, if sufficient, (2) represent and advocate for the child irrespective of the influence of either party; and (3) assess the gravity of the risk to the child if returned. This court may also appoint a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c), but the state court is more accustomed to working with guardian ad litems [sic] and child attorneys, and better positioned to distinguish permissible factual inquiry of circumstances under Articles 13(a), 13(b), and 20 of the Convention, and discard inquiry and guardian recommendations impermissible under Article 19.

d. vets the qualifications of, and sets minimum standards for appointment as, guardian ad litem or child attorney, and as a consequence maintains an active list of qualified attorneys prepared to serve in the Sixth Circuit encompassing Champaign, DeWitt, Douglass, Macon, Moultrie, and Piatt counties.

e. is equipped with the requisite technology, accustomed to having, and frequently employs video teleconferencing for remote witness testimony of international parental witnesses, as well as fully remote hearings for civil proceedings under Illinois S.C.. Rule 45. (see… § 3:14. Remote Appearances in Circuit Court Proceedings, 4A Illinois Civil Lit. Guide).

Many of Respondent's points are inaccurate or, at the very least, moot. A

guardian ad litem has already been appointed in this case and has made her report,

such that the state court's greater experience in that regard is not of any concern.

Similarly, this court regularly employs the technology required for remote testimony, such that there is no reason to suppose the state court is better versed in this area.

It is undeniable that the family court division of the Champaign County Circuit Court is more experienced in family matters, including conducting in camera interviews with children. But Respondent has not identified any aspect of this case that this court is unqualified or unable to conduct.

At the absolute most, Respondent has identified one factor that might favor proceeding in state court, while the other private and public interest factors either favor this court or are simply inapplicable. Forum non conveniens is a rare and exceptional remedy, rarer still where, as here, the moving party seeks an alternative forum in state court. See *Sinochem*, 549 U.S. at 430. Considering that, and the deference to which Peititioner's choice of forum is due, Respondent has fallen woefully short of meeting his heavy burden in demonstrating that forum non conveniens dismissal is appropriate. See *Deb*, 832 F.3d at 806. Respondent's Motion to Dismiss for Forum Non Conveniens (#7) is therefore DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Respondent's Motion to Dismiss for Forum Non Conveniens (#7) is DENIED.

(2) This matter remains set for an evidentiary hearing commencing on July 3, 2024.

ENTERED this 20th day of June, 2024.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE

9